IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| GARY W. PLOOF, | § |
| | § No. 47, 2018 |
| Defendant Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Cr. ID No. 111003002 |
| STATE OF DELAWARE, | § |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: September 12, 2018
Decided: September 18, 2018

Before **VALIHURA**, **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

This 18th day of September, 2018, after consideration of the parties' briefs, and the record on appeal, it appears to the Court that:

Appellant Gary Ploof was convicted in 2003 of first-degree murder and a lesser firearms charge. Under the then-governing first-degree-murder punishment scheme—which is codified at 11 *Del. C.* § 4209 and which provided an option of either death or life imprisonment without parole—he was sentenced to death. After this Court held, in *Rauf v. State*,[1] that § 4209's implementation of the death penalty is unconstitutional and later held, in *Powell v. State*,[2] that *Rauf* has retroactive effect,

---

[1] 145 A.3d 430 (Del. 2016) (per curiam).
[2] 153 A.3d 69 (Del. 2016 (per curiam).

Ploof's death sentence was vacated. The Superior Court resentenced him to life in prison without parole—§ 4209's alternative sentence for first-degree murder.

Shortly thereafter, Ploof moved to correct his sentence, asserting that he should have been resentenced not under § 4209, but under 11 *Del. C.* § 4205, which prescribes a punishment of 15 years to life for all Class A felonies other than first-degree murder.

## I. The Crime and the Aftermath

Ploof was a staff sergeant in the U.S. Air Force. He was married, but he had been having an affair with a colleague he met while working a part-time, off-base job. Some time after the affair began, he learned that the Air Force was planning to roll out a new, $100,000 life-insurance benefit for military spouses. Ploof then hatched a plan to kill his spouse and collect the life insurance benefit.

Ploof drove his wife to the parking lot of a store, where he shot her in the head. He tried to frame the killing as a suicide, but the story did not hold up.

He was convicted at trial of first-degree murder. During the penalty phase, an advisory jury unanimously found that Ploof had committed the murder for pecuniary gain—a statutory aggravating factor under § 4209(e)(1)(o). That finding made Ploof death eligible, and the jury further found that the aggravating factors in Ploof's case outweighed the mitigating factors.

The Superior Court agreed with that finding and sentenced Ploof to death.[3] On direct appeal, this Court affirmed.[4]

Over the next decade, Ploof tried a number of times to obtain post-conviction relief in both state and federal court, with no success. After *Rauf* and *Powell*, his death sentence was vacated, and in 2017, he was resentenced, under § 4209, to a mandatory term of life without parole. Shortly thereafter, he filed two motions with the trial court: a new motion for post-conviction relief and a motion to correct his sentence. The Superior Court denied both. The former motion is the subject of a separate appeal;[5] the latter is the subject of this one.

## II. Ploof's Challenges to his Sentence

Ploof attacks his new sentence on two main grounds. First, he argues that it was not possible to resentence him to a mandatory term of life without parole under § 4209 because he reads *Rauf* to have struck down the entirety of the statute, not just its death-penalty-sentencing procedures. Failing that, Ploof argues that imposing a mandatory punishment of life without parole on all first-degree murders—which is the effect of § 4209 now that the option of death has been enjoined—violates the Eighth Amendment.

---

[3]     *State v. Ploof*, 2003 WL 21999031 (Del. Super. Ct. Aug. 22, 2003).
[4]     *Ploof v. State*, 856 A.2d 539 (Del. 2004).
[5]     No. 48, 2018.

3

We recently rejected, in *Zebroski v. State*,[6] each of Ploof's arguments. Ploof recognizes the impact of *Zebroski* on his appeal, so his briefing is largely dedicated to relitigating those same arguments. None of them raise any points that we did not consider and reject in *Zebroski*.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[6]    179 A.3d 855 (Del. 2018).